1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9           SOUTHERN DISTRICT OF CALIFORNIA
10

11    Cliff Adams S. Vicente          Case No.:  3:15-cv-02556-GPC-MDD
12    F-90685,
                                      **ORDER:**
13                       Plaintiff,
                                      **1)  GRANTING PLAINTIFF'S**
14    v.                              **MOTION TO PROCEED *IN FORMA***
                                      ***PAUPERIS* PURSUANT TO 28 U.S.C.**
15    F. RIVAS; A. GONZALEZ,          **§ 1915(a) (ECF No. 2)**
16
                         Defendants.  **AND**
17
                                      **2) DISMISSING COMPLAINT FOR**
18                                    **FAILING TO STATE A CLAIM**
19                                    **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
                                      **& § 1915A**
20
21
22

23        Cliff Adams S. Vicente ("Plaintiff"), currently incarcerated at Calipatria State

24   Prison ("CAL") located in Calipatria, California, and proceeding pro se, has filed a civil

25   rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

26        Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a);

27   instead, he has filed a certified copy of his inmate trust account statement which the

Court has liberally construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) **(ECF No. 2)**.

### I.     Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1]   In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2.  *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statement, but it shows that he has a current available balance of only $0.01.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP **(ECF No. 2)** and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from

3

defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof

4

requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff alleges that Defendants violated his right to due process under the Fourteenth Amendment during his disciplinary hearings by falsifying a rules violation report and for terminating him from his prison employment.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*,  515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).   In an attempt to show an "atypical and significant hardship," Plaintiff alleges that he was removed from his job assignment and he did not receive payment when he was employed from October 1, 2014 to February 9, 2015.  (See Compl. at 4-5.)

The Ninth Circuit has consistently held that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), and citing *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985)); see also *Vignolo v. Miller*, 120 F.3d

1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *see also Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no constitutional right to prison wages and any such compensation is by the grace of the state.") Plaintiff is unable to demonstrate either a liberty or property interest in his prison employment or right to "back pay" arising directly under the Fourteenth Amendment.  In addition, Plaintiff does not identify any other "atypical and significant hardship" as a result of the allegations that Defendants falsified the rules violation report.

Because Plaintiff is proceeding without counsel, and the Court has now provided him "notice of the deficiencies in his complaint," it will grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) **(ECF No. 2)** is **GRANTED**.

2.     The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

/ / /

1

**IT IS FURTHER ORDERED** that:

2     4.    Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which

3 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

4 However, the Court GRANTS Plaintiff 45 days leave in which to re-open his case by

5 filing an Amended Complaint which cures all the deficiencies of pleading noted above.

6 Plaintiff's Amended Complaint must be complete by itself without reference to his

7 original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

8 *& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes

9 the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that

10 claims dismissed with leave to amend which are not re-alleged in an amended pleading

11 may be "considered waived if not repled.").

12    If Plaintiff fails to file an Amended Complaint within the time provided, this civil

13 action will remain dismissed without prejudice based on Plaintiff's failure to state a claim

14 upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

15 § 1915A(b)(1).

16    5.    The Clerk of Court is directed to mail Plaintiff a copy of a court approved

17 civil rights complaint form.

18 Dated: December 7, 2015

19 Hon. Gonzalo P. Curiel
20 United States District Judge

27