UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cliff Adams S. Vincente<br>F-90685,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>F. Rivas, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:15-cv-02556-GPC-MDD<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A** |

**I.	Procedural History**

On November 12, 2015, Cliff Adams S. Vincente ("Plaintiff"), currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).  In addition, Plaintiff filed a certified copy of his inmate trust account statement which

the Court liberally construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

On December 7, 2015, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted.  (ECF No. 3.)  Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order.  (*Id.*)  on January 15, 2016, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 4.)

## II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

As the Court informed Plaintiff in its previous Order, notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds that Plaintiff's FAC fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Once again, Plaintiff alleges that Defendants violated his right to due process under the Fourteenth Amendment during his disciplinary hearings by falsifying a rules violation report and for terminating him from his prison employment. (*See* FAC at 6-7.) "The requirements of procedural due process apply only to the deprivation of interests

1  encompassed by the Fourteenth Amendment's protection of liberty and property." *Board
2  of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may
3  grant prisoners liberty interests sufficient to invoke due process protections.  *Meachum v.*
4  *Fano*, 427 U.S. 215, 223-27 (1976).   However, the Supreme Court has significantly
5  limited the instances in which due process can be invoked.   Pursuant to *Sandin v.*
6  *Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due
7  Process Clause of the Fourteenth Amendment only if he alleges a change in confinement
8  that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents
9  of prison life." *Id*. at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th
10 Cir. 1997).   In his original Complaint, Plaintiff attempted to allege facts sufficient to
11 show an "atypical and significant hardship" by alleging that he was removed from his job
12 assignment and he did not receive payment when he was employed from October 1, 2014
13 to February 9, 2015.  (See Compl. at 4-5.)

14        However, as the Court informed Plaintiff, the Ninth Circuit has consistently held
15 that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or
16 liberty interest in prison employment.'"  *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir.
17 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), and citing
18 *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985)); see also
19 *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d
20 1080, 1094-95 (9th Cir. 1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *see*
21 *also Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no constitutional right
22 to prison wages and any such compensation is by the grace of the state.") Plaintiff is
23 unable to demonstrate either a liberty or property interest in his prison employment or
24 right to "back pay" arising directly under the Fourteenth Amendment.   In addition,
25 Plaintiff failed to identify any other "atypical and significant hardship" as a result of the
26 allegations that Defendants falsified the rules violation report.
27 / / /

The Court provided Plaintiff with "notice of the deficiencies in his complaint," and granted Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).  However, in filing his First Amended Complaint, Plaintiff does not allege any facts to support a finding of "atypical and significant hardship" and in fact admits that the only changes he made in his amended pleading was in adding additional defendants.  (*See* FAC at 10.) "After Sandin, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest is avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'"  *Wilkinson v. Austin*, 545 U.S. 209, 125 S.Ct. 2384 (2005).  Plaintiff offers no factual allegations to support a finding of "atypical and significant hardships" resulting from the disciplinary hearing.  Therefore, Plaintiff has not sufficiently alleged the existence of a liberty interest.

Accordingly, Plaintiff's Fourteenth Amendment due process claims are DISMISSED for failing to state a claim upon which relief may be granted.

In addition, Plaintiff claims that his right to equal protection was violated when prison officials removed him from his job assignment.  (*See* FAC at 20.)  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center*, 472 U.S. 432, 439 (1985).

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that similarly situated individuals were intentionally

treated differently without a rational relationship to a legitimate state purpose. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff suggests that he should be entitled to proceed on his equal protection claim on a "class of one" theory. (*See* FAC at 17.) This theory holds for the proposition that the equal protection guarantee protects not only groups, but individuals who would constitute a "class of one." *Vill. of Willowbrook*, 528 U.S. at 564. In order to state a claim of violation of equal protection under the "class of one" theory, Plaintiff must establish that Defendants intentionally, and without rational basis, treated Plaintiff differently from others similarly situated. *See id*. Plaintiff does not provide any specific factual allegations to demonstrate that he was being treated differently from any other inmate who had a job assignment and was charged with a disciplinary violation. Accordingly, Plaintiff's Fourteenth Amendment equal protection claims are DISMISSED for failing to state a claim upon which relief could be granted.

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, the Court GRANTS Plaintiff sixty (60) days leave in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on Plaintiff's failure to state a claim

1 | upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and
2 | § 1915A(b)(1).
3 |      The Clerk of Court is directed to mail Plaintiff a copy of a court approved civil
4 | rights complaint form.
5 | Dated:  February 23, 2016

                                      Hon. Gonzalo P. Curiel
                                      United States District Judge